IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN J. WILSON,

    Plaintiff,

v.                                                                 No. 1:19-cv-00032-KK

KROGER CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 15, 2019.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security

for costs...." *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* At 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount is $926.00; (ii) his monthly expenses total $831.00; (iii) he has $186.00 in bank accounts. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because his low monthly income only slightly exceeds his monthly expenses.

**The Complaint**

Plaintiff indicates that the basis for federal court jurisdiction is "Diversity of citizenship." Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship) at 3, Doc. 1, filed January 15, 2019 ("Complaint"). The Court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Plaintiff alleges that he is a citizen of New Mexico and that Defendant Kroger Corporation's address is in Ohio. *See* Complaint at 2-3. Plaintiff does not allege the amount in controversy. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000).

Plaintiff fails to state a claim for negligence. Plaintiff alleges:

> The Def. failed to remedy a foreseeable hazard and pro se Plaintiff fell injuring himself. Plaintiff alleges but for the negligence of Defendant[']s failure to keep

2

> their premises safe Plaintiff would not have exacerbated his pre-existing conditions. The inactions of the Defendant['s] management were the proximate and direct cause of injuries sustained.

Complaint at 4. "The elements of a prima facie case of negligence are duty, breach, proximate cause, and damages." *Tafoya v. Seay Bros. Corp.*, 119 N.M. 350, 352 (1995). Plaintiff's conclusory allegation that Defendant "failed to remedy a foreseeable hazard" is not sufficient to state a claim for negligence because there are no factual allegations describing the hazard, how the hazard caused Plaintiff to fall, or that the hazard was foreseeable. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

The Court grants Plaintiff 21 days to file an amended complaint which alleges a sufficient basis for jurisdiction and states a claim on which relief may be granted. Failure to timely file such an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which alleges facts which support jurisdiction, states a claim on which relief may be granted, and includes the addresses of every defendant named in the amended complaint.

    **IT IS ORDERED** that:

    (i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 15, 2019, is **GRANTED.**

(ii) Plaintiff shall have 21 days to file an amended complaint.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**